49 N.Y.2d 907 (1980)
In the Matter of the Arbitration between Andrew Levine, Appellant, and Zurich American Insurance Company, Respondent.
Court of Appeals of the State of New York.
Submitted February 14, 1980.
Decided April 3, 1980.
Bernard Meyerson for appellant.
Thomas J. Walsh and William F. Larkin for respondent.
Chief Judge COOKE and Judges JONES, WACHTLER and FUCHSBERG concur in memorandum; Judge JASEN dissents and votes to affirm in an opinion in which Judges GABRIELLI and MEYER concur.
*908 MEMORANDUM.
The order of the Appellate Division should be reversed, with costs, and the arbitration award reinstated.
The arbitrator found that the basic economic loss was not incorporated in the jury's verdict. While the Judge in the third-party action submitted to the jury conventional items of special damage, including those covered by the no-fault law, it does not necessarily follow that in reaching its verdict, which was a general one, the jury, in assessing damages, in fact decided to allow these items. Since the plaintiff sought a sum greatly in excess of $180,000 for the objective, permanent injuries sustained and for his prospective vocational handicap, it is not inconceivable that the jury, in arriving at its compromise figure may have decided not to include the no-fault items in its own computation of damages. Moreover, it was agreed between the parties, who never moved to stay the arbitration which took place only after the third-party action had been concluded, that the arbitrator was to determine "whether or not there was a disposition of the[se] benefit[s] via the jury verdict" (cf. Matter of Garcia v Federal Ins. Co., 46 N.Y.2d 1040, 1042). Under these circumstances, it cannot be said that the arbitrator's finding did not have a "basis in *909 reason" (Mount St. Mary's Hosp. of Niagara Falls v Catherwood, 26 N.Y.2d 493, 510; see Caso v Coffey, 41 N.Y.2d 153, 158).
JASEN, J. (dissenting).
I dissent and would affirm the order of the unanimous Appellate Division.
The majority, in reaching a disposition of reversal, has eroded the distinction between the scope of judicial review in matters concerning consensual arbitration as compared to compulsory arbitration. An award rendered in the former may be vacated only if completely irrational (CPLR 7511, subd [b]; see Rochester City School Dist. v Rochester Teachers Assn., 41 N.Y.2d 578, 582), whereas a determination made in compulsory arbitration will be vacated upon a demonstration that the arbitrator's finding is not "supported by evidence or other basis in reason." (Mount St. Mary's Hosp. of Niagara Falls v Catherwood, 26 N.Y.2d 493, 508; see Caso v Coffey, 41 N.Y.2d 153, 158.) This is so because considerations of due process require that a determination made in compulsory arbitration be subjected to closer judicial scrutiny. (Mount St. Mary's Hosp. of Niagara Falls v Catherwood, 26 NY2d, at p 508, supra.)
In my opinion, the finding by the arbitrator that the jury verdict did not include recovery for "basic economic loss" lacks a rational basis and, inasmuch as submission of this dispute to arbitration was not voluntary but compulsory (Insurance Law, § 675, subd 2), the arbitrator's award granting $50,000 as medical expenses to claimant Levine should be vacated.
As correctly found by the court below, the evidence before the arbitrator indicated "unequivocally that the verdict in favor of [claimant] necessarily included recovery for `basic economic loss'". The complaint sought to recover damages for medical expenses; the bill of particulars itemized hospital care and related services; the evidence adduced at trial and claimant's summation to the jury itemized medical expenses; and the Trial Judge charged the jury that if it found for claimant he was "entitled to recover a sum of money which will justly and fairly compensate him for his injuries and for his conscious pain and suffering, for his medical and hospital and health [aid] and ambulance, and other incidental expenses, for his permanent injuries and for his necessary future expenses to the time that you find that he may live." Further, there is no evidence that the verdict was adjusted by the jury to reflect an exclusion of basic economic loss.
*910 Under such circumstances, I find the majority's conclusion that the verdict did not necessarily include those damages covered by the no-fault law puzzling at best, especially when one considers the large sum of medical expenses both incurred and claimed by claimant. A contrary conclusion is mandated, and inasmuch as the jury verdict must have included compensation which is reserved for no-fault coverage (see Insurance Law, § 673, subd 1), the arbitrator's award should be vacated.
Order reversed, etc.